UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
DEVROL PALMER,

      Petitioner,        07 Civ. 5917 (PKC)

 -against-

                  MEMORANDUM
                  <u>AND ORDER</u>

L. MARSHALL,

      Respondent.
------------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

   Petitioner Devrol Palmer, proceeding <u>pro se</u>, seeks a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction, following a jury trial, for engaging in a Course of Sexual Conduct Against a Child in the First Degree in violation of New York Penal Law § 130.75. The New York Supreme Court, Bronx County sentenced petitioner to seventeen years imprisonment.

   I referred the petition to Magistrate Judge James C. Francis to hear and report. In a thorough Report and Recommendation ("R & R") dated March 18, 2008, he recommended that the petition be denied. (Doc. #20.) At petitioner's request, I extended the time for filing objections to the R & R to May 5, 2008. (Doc. #22.) Petitioner filed his objections on May 13 (Doc. #26) but I deemed them timely. (Doc. #27.) In light of petitioner's objections, I have conducted a <u>de novo</u> review of the underlying record, including the transcripts of petitioner's trial and related proceedings. <u>See</u> 28 U.S.C. § 636(b)(1); Rule 72(b), Fed. R. Civ. P. Having done so, I adopt the R & R, and deny the petition for a writ of habeas corpus.

   The relevant facts and procedural history are described in some detail in the R & R, and will not be repeated here except where necessary to explain my analysis.

DISCUSSION OF OBJECTIONS TO THE R & R

1. Proof Beyond a Reasonable Doubt

In his first objection to the R & R, petitioner claims that "[t]he Magistrate Judge failed to apply the standards of reasonable doubt as provided in Jackson v. Virginia, 443 U.S. 307 [1979]."  (Obj. 2.)  This objection is without merit.  Magistrate Judge Francis correctly explained that Jackson held that a federal court undertaking a sufficiency review of a jury verdict on a habeas petition must be deferential, viewing the entire record in the light most favorable to the government, and deciding not whether "it believes that the evidence . . . established guilt beyond a reasonable doubt," but whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."  Jackson, 443 U.S. at 319 (emphases in original) (quotation and citation omitted).  Further, "[a]ssessments of the weight of the evidence or the credibility of the witnesses are for the jury and are not grounds for reversal."  Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996).

The federal court must look to state law to determine the elements of the offense in issue.  See Jackson, 443 U.S. at 324 n.16.  "Pursuant to Penal Law § 130.75(a), 'a person is guilty of course of sexual conduct against a child in the first degree when, over a period of time not less than three months in duration, he or she engages in two or more acts of sexual conduct, which includes at least one act of sexual intercourse, deviate sexual intercourse or aggravated sexual contact, with a child less than eleven years old.'"  People v. Juara, 279 A.D.2d 479, 480 (2d Dep't 2001) (quoting N.Y. P.L. § 130.75(a)).  Here, Tiffany, ten years old at the time of trial, testified in detail regarding multiple sexual acts committed by petitioner against her beginning when she was six; both petitioner and Tiffany testified about many occasions on which petitioner and Tiffany were home without her mother present; and Ms. Chapman, a nurse, corroborated

Tiffany's testimony with medical evidence that Tiffany had been sexually abused.  Thus, I adopt Magistrate Judge Francis' finding that there was more than sufficient evidence to permit a constitutionally sufficient finding of guilt.

2. Failure to Produce a Supplemental Bill of Particulars

Petitioner claims that his rights were violated because although he received an initial bill of particulars, he was forced to go to trial without also receiving a court-ordered supplemental bill of particulars.  The Appellate Division held this claim to be procedurally barred because petitioner failed to make a timely objection before going to trial.  People v. Palmer, 7 A.D.3d 472, 472-73 (1st Dep't 2004).  Magistrate Judge Francis found that "the Appellate Division's application of a procedural bar appears to have been erroneous" because petitioner's counsel "did all he could to prevent the case from proceeding before receiving the supplemental bill of particulars."[1]  (R & R 16.)  Nevertheless, Magistrate Judge Francis concluded that the claim failed on the merits because it was based exclusively on state law and therefore was not cognizable in a federal habeas petition.  (Id. at 16-17.)  Petitioner objects on the ground that the state court's violation of the state statute resulted in a denial of his federal rights.  (Obj. 2-3.)

I need not decide whether the purported procedural bar constitutes an adequate and independent state ground barring federal review, because I find that even if there was no procedural bar, the claim nonetheless fails on the merits.[2]  "It is well established that a federal

---

[1] Respondents filed an objection to this finding and conclusion.  (Doc. #21.)
[2] I also note that, after finding petitioner's claim to be procedurally barred, the Appellate Division proceeded to alternatively adjudicate the claim on the merits: "In any event, defendant was not prejudiced because he received adequate notice of the charges by way of the indictment, along with the bill of particulars and discovery materials provided by the People and their response to defendant's omnibus motion."  Palmer, 7 A.D.3d at 473.  Thus, assuming a procedural default does not bar federal review, the deferential Anti-Terrorism and Effective Death Penalty Act ("AEDPA") standard of review applies.  See 28 U.S.C. § 2254(d).

habeas court does not sit to correct a misapplication of state law, unless such misapplication violates the Constitution, laws, or treaties of the United States." Ponnapula v. Spitzer, 297 F.3d 172, 182 (2d Cir. 2002). Petitioner's alleged right to a stay of trial pending the production of a supplemental bill of particulars was provided by N.Y. C.P.L. § 200.95(6). Even if the state courts misapplied this statute, that misapplication did not violate federal law because, as discussed below, the indictment, augmented by the initial bill of particulars, was constitutionally sufficient to give petitioner notice of the charges against him and to permit him to present a defense.

Petitioner also asserts the related claim that because a supplemental bill of particulars had not been produced, the trial court lacked subject matter jurisdiction. Magistrate Judge Francis found this claim to be "procedurally defaulted . . . [and] [i]n any event, the claim is also grounded exclusively in state law and raises no constitutional issue." (R & R 17.) Petitioner objects, arguing that subject matter jurisdiction defects cannot be waived and are not subject to procedural default, and that the state court's finding to the contrary was an unreasonable application of clearly established Supreme Court precedent. (Obj. 5.)

Petitioner's reliance on United States v. Griffin, 303 U.S. 226 (1938), is misplaced. (Obj. at 4-5.) There, the Supreme Court held that the "lack of jurisdiction of a federal court touching the subject matter of the litigation cannot be waived." Griffin, 303 U.S. at 229 (emphasis added). But here, whether the state trial court was deprived of jurisdiction by the prosecution's failure to produce the supplemental bill of particulars, and whether the state § 440 court erred in finding that petitioner waived his jurisdictional objection by failing to raise it on direct appeal, are exclusively questions of state law. Even if the state courts decided these

4

questions of state law erroneously, such errors do not rise to a violation of federal law. Again, as discussed below, the indictment was constitutionally sufficient.

3. Sufficiency of the Indictment

Magistrate Judge Francis properly rejected petitioner's argument that the indictment was insufficient to give him constitutionally adequate notice of the charges against him. An "indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." Hamling v. United States, 418 U.S. 87, 117 (1974). "[A]n indictment need only track the language of the statute and, if necessary to apprise the defendant of the nature of the accusation against him, state time and place in approximate terms." United States v. Frias, 521 F.3d 229, 235 (2d Cir. 2008) (quotation omitted).

Here, the indictment accused petitioner of engaging in the prohibited conduct "on or about and between September 4, 1996 and March 31, 2000, in the county of the Bronx, for a period of time not less than three months in duration." This constitutes an adequate statement of "time and place in approximate terms." The indictment went on to precisely track the language of the relevant statute. Moreover, petitioner was provided a bill of particulars, which was adequate to enable him to prepare his defense. See United States v. Rigas, 490 F.3d 208, 237 (2d Cir. 2007). The bill of particulars described the specific types of sexual acts he was accused of having committed, and set forth a time period during which the acts were claimed to have occurred. It is far from clear that a supplemental bill of particulars could have provided any

greater detail and there is no evidence that the prosecution willfully withheld information from petitioner. Thus, I adopt Magistrate Judge Francis' recommendation that this claim be rejected.

4. Prosecution's Expert Testimony

Petitioner claims he was denied a fair trial because the testimony of the prosecution's expert witness "impermissibly vouched for [Tiffany] and bolster[ed] her credibility" and "went to the ultimate facts to be decided by the jury." (Obj. 6.) "[E]rroneous evidentiary rulings do not automatically rise to the level of constitutional error." Rosario v. Kuhlman, 839 F.2d 918, 924 (2d Cir. 1988). To establish a due process violation, petitioner "must demonstrate that the absence of fundamental fairness infected the trial; the acts complained of must be of such quality as necessarily prevents a fair trial." United States v. Williams, 205 F.3d 23, 29-30 (2d Cir. 2000). Preliminarily, it has not been demonstrated that the trial court's admission of this testimony was erroneous as a matter of state law. See People v. Williams, 97 N.Y.2d 735, 736 (2002) ("As a general rule, the admissibility and limits of expert testimony lie primarily in the sound discretion of the trial court.") (quotation omitted). But it is manifestly clear that petitioner has failed to make a sufficient showing that the admission of this testimony, even if erroneous, infected the trial with fundamental unfairness.

Petitioner further argues that "[t]he belief and testimony of the prosecutor was presented to the jury through the testimony of the . . . expert" in violation of his rights under the Confrontation Clause. (Obj. 6.) The Second Circuit has explained that:

> Experts are generally permitted to rely on otherwise inadmissible evidence in formulating an expert opinion: expert witnesses can testify to opinions based on hearsay or other inadmissible evidence if experts in the field reasonably rely on such evidence in forming their opinions. . . . Such reliance does not, as a rule, violate a defendant's Confrontation Clause rights. . . . [I]t is rare indeed that an expert can give an opinion without relying to some extent upon information

6

> furnished him by others. . . . A defendant's rights under the Confrontation Clause are protected where the expert is available for questioning concerning the nature and reasonableness of his reliance.

Howard v. Walker, 406 F.3d 114, 127 (2d Cir. 2005) (quotations and citations omitted).  As Magistrate Judge Francis explained in rejecting this argument, the mere fact that the expert relied on certain statements made to him by the prosecutor regarding the state's underlying allegations against petitioner does not mean that the prosecutor was a witness and that petitioner had a right to "confront" the prosecutor.  Thus, I adopt the recommendation in the R & R that these claims be denied.

5. Ineffective Assistance of Counsel

Finally, petitioner claims in his objection to the R & R that his counsel was ineffective because he (1) failed to seek a writ of prohibition; (2) failed to investigate and call as witnesses petitioner's wife, others members of petitioner's household, and at least one of the babysitters employed by petitioner and his wife; (3) failed to impeach Tiffany by introducing her prior inconsistent statements; and (4) failed to introduce evidence that during the period of alleged abuse, petitioner was infected with the herpes virus.  (Obj. 7-11.)  All of these claims lack merit.

Claims of ineffective assistance must satisfy a two-part test: "First, the defendant must show that counsel's performance was deficient. . . .  Second, the defendant must show that the deficient performance prejudiced the defense." Strickland v. Washington, 466 U.S. 668, 687 (1984).  As an initial matter, petitioner has asserted for the first time in his objection to the R & R his claim that defense counsel should have sought a writ of prohibition to avoid going to trial without a supplemental bill of particulars.  Because petitioner never raised this claim in his

7

petition and has not moved to amend his petition to include this claim, the Court will not review it.³  See Smith v. Albaugh, No. 00-CV-404(RCC)(FM), 2004 WL 434531, at *4 (S.D.N.Y. March 8, 2004).  Moreover, given petitioner's delay in raising this claim, as well as the unlikelihood that the outcome of the trial would have been different had petitioner's counsel sought a writ of prohibition, any request to amend the petition to include this claim would have been denied.  See Foman v. Davis, 371 U.S. 178, 182 (1962) (holding that the court may deny leave to amend under Rule 15(a), Fed. R. Civ. P., for, inter alia, undue delay or the futility of amendment).

> Petitioner cannot establish that his counsel was constitutionally ineffective for failing to call petitioner's wife to testify at trial.  Habeas courts "must make every effort . . . to eliminate the distorting effects of hindsight, and indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  Bell v. Miller, 500 F.3d 149, 156 (2d Cir. 2007) (quotation omitted).  Petitioner cannot overcome this presumption.  Petitioner's wife was also the victim's mother, and defense counsel may have concluded that the potential helpfulness of her testimony would be outweighed by the likelihood that she would exhibit antipathy toward petitioner and thereby harm his defense.  For the same reason, petitioner has failed to rebut the presumption that there was a strategic reason for his counsel to decline to call as witnesses other members of petitioner's household or any of petitioner's babysitters.  Nor does the record reveal any

---

³ Petitioner did raise in his petition a similar claim, arguing that his counsel was ineffective for failing to request a stay of trial pending production of a supplemental bill of particulars.  To the extent that petitioner objects to Magistrate Judge Francis' recommendation that this claim be rejected, I find petitioner's objection meritless.  Assuming arguendo that defense counsel failed to request a stay of trial and that this failure constituted deficient performance, petitioner was not prejudiced because the indictment, augmented by the initial bill of particulars, was constitutionally sufficient and the added benefit to petitioner of a supplemental bill of particulars would have been de minimis.

8

inadequacy in defense counsel's investigation of potential witnesses.  Accordingly, I adopt Magistrate Judge Francis' recommendation that this claim be rejected.

Similarly, petitioner's claim that his counsel was ineffective for failing to impeach Tiffany is meritless because such a decision is readily explained by trial strategy.  Counsel competently cross-examined Tiffany about certain physical activities she had undertaken that might have explained the purported physical evidence of sexual abuse.  (Trial Tr. 97-100, 120.)  Counsel's decision not to attempt to impeach Tiffany by cross-examining her regarding prior inconsistent statements may have been based on a reluctance to appear before the jury to be bullying the child victim.  Indeed, such a line of questioning might only have resulted in highlighting the victim's accusations against petitioner.

Nor was counsel ineffective for failing to introduce evidence that petitioner had the herpes virus, to argue that petitioner could not have had sexual contact with Tiffany because if he had, she too would have become infected.  As Magistrate Judge Francis noted, petitioner has submitted no evidence establishing that any person with whom he had sexual contact would have become infected with herpes.  Moreover, defense counsel may have concluded that it would be strategically unwise to introduce such evidence because of the risk that it would lead the jurors to form unfavorable opinions of petitioner.  In sum, because a review of the record reveals that petitioner received competent and effective representation, I adopt Judge Francis' recommendation that the claims of ineffective assistance of counsel be rejected.

I have reviewed petitioner's remaining arguments and find them to be without merit.

## CONCLUSION

The Report and Recommendation is adopted in its entirety, and the petition is DENIED. The Clerk is directed to enter judgment in favor of respondent.

Petitioner having not made a substantial showing of the denial of a constitutional right on any ground, a certificate of appealability will not issue. 28 U.S.C. § 2253; Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
January 8, 2009